IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| AJAY AJAY,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>KRISTI NOEM, *et al.*,<br><br>　　　　　Respondents. | )<br>)<br>)<br>)<br>)<br>)　　　1:26-cv-493-AJT-IDD<br>)<br>)<br>) |

## ORDER

Before the Court is Ajay Ajay's Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 seeking release from Immigration and Customs Enforcement ("ICE") custody that began on January 5, 2026. Respondents oppose the Petition. [Doc. No. 6]. Upon consideration of the filings, and for the reasons stated below, the Petition is GRANTED.

## I.　BACKGROUND[1]

Petitioner is a 30-year old citizen and national of India who entered the United States on December 20, 2021 without inspection. [Doc. No. 1] ¶¶ 10–11. On December 21, 2021, a Customs and Border Protection agent encountered Petitioner and determined that Petitioner had unlawfully entered the United States from Mexico without being admitted or paroled. [Doc. No. 6-1] ¶ 6. Petitioner was processed for Expedited Removal pursuant to 8 U.S.C. § 1225(b)(1), but before he was removed, Petitioner expressed a fear of return to India and was given a Credible Fear Interview, following which the asylum officer determined that Petitioner had a credible fear of persecution to India. *Id.* ¶¶ 7–9. On February 1, 2022, Petitioner was issued a Notice to Appear ("NTA") charging him with being inadmissible to the United States (and thus removable from the

---

[1] Much of Petitioner's immigration history is derived from the Declaration of Justin Richardson, Supervisory Detention and Deportation officer, attached to Respondents' Opposition. [Doc. No. 6-1].

United States under 8 U.S.C. § 1182(a)(6)(A)(i) as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General and under § 1182(a)(7)(A)(i)(I), as an alien without a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document. *Id.* ¶ 9.

On March 9, 2022, an Immigration Judge granted Petitioner's release on bond in the amount of $8,000 and Petitioner was released on bond. On April 13, 2022, at a hearing before an Immigration Judge, Petitioner admitted the factual allegations and conceded the charge set forth in the NTA, and the Immigration Judge sustained the charges in the NTA. *Id.* ¶ 11. On January 5, 2026, Petitioner was encountered by Immigration and Customs Enforcement ("ICE") agents near Middletown, Virginia and taken into civil custody. *Id.* ¶ 12. On February 5, 2026, Petitioner was denied bond under the government's interpretation of the mandatory detention provisions. *Id.* On February 20, 2026, the Immigration Court granted Petitioner's application for asylum. *Id.* ¶ 14.

## II.   LEGAL STANDARD

"A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States.'" *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations omitted).

## III.   DISCUSSION

Petitioner seeks habeas relief from this Court on the grounds that his ongoing detention violates the Immigration and Nationality Act (the "INA") and its implementing regulations (Count I), his constitutional due process rights (Count II), the Administrative Procedure Act (Count III), the Constitution's Equal Protection Clause (Count IV), the Constitution's Suspension Clause

(Count V), and the *Accardi* doctrine (Count VI).[2] Respondents oppose the Petition, arguing that because Petitioner was initially processed for expedited removal under 8 U.S.C. § 1225(b)(1), he continues to be subject to that clause's mandatory detention notwithstanding the fact that he was subsequently transferred to Section 240 removal proceedings, released on bond, and most recently, under Respondents' own admission, granted asylum.

The Court has previously rejected Respondents' arguments under 8 U.S.C. § 1225(b)(1) in similar cases and recognized that "§ 1225(b)(1) only mandates detention of noncitizens arriving in the United States during the pendency of expedited removal proceedings and the credible fear interview and review process." *Portillo-Argueta v. Simon*, 2026 WL 184194, at *4 (E.D. Va. Jan. 23, 2026); *see also* Order, *Rezaee v. Bondi*, 1:26-cv-277 (E.D. Va. Mar. 12, 2026), Dkt. No. 11 (ordering bond hearing for petitioner who was initially issued an expedited removal order but subsequently issued a NTA vacating that order and placing him into removal proceedings under Section 1229a of the INA). Where, as here, Petitioner was previously released on bond, that release "carries legal significance" because "DHS's decision to release an individual on bond . . . constitutes strong evidence that DHS intended to detain the individual under § 1226(a) and not under § 1225(b)." *Portillo-Argueta*, 2026 WL 184194, at *4 (citing *Luna Sanchez v. Bondi*, 2025 WL 3191922, at *4 (E.D. Va. Nov. 14, 2025).

Here, Petitioner was initially processed for expedited removal pursuant to 8 U.S.C. § 1225(b)(1), and was mandatorily detained under that provision, but was subsequently issued a NTA placing Petitioner into removal proceedings under Section 1229a and classifying Petitioner as "an alien present in the United States who has not been admitted or paroled," rather than "an arriving alien." [Doc. No. 1-2] at 2. Thereafter, Petitioner was released on bond and, without any

---

[2] Because the Court grants the Petition on Count I, it does not address the remaining counts raised in the Petition.

revocation of that bond, was re-detained, following which he was granted asylum by an immigration court. Respondents' contention that Petitioner continues to be mandatorily detained under 8 U.S.C. § 1225(b)(1)(B)(ii) because his asylum grant remains subject to a hypothetical appeal[3] before the Board of Immigration Appeals lacks any support in any reasonable reading of the statute.[4]

## IV.    CONCLUSION

For the reasons stated above, the Petition is GRANTED and it is hereby

**ORDERED** that Petitioner be released immediately from custody; and it is further

**ORDERED** that Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are ENJOINED from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law; has failed to attend any properly noticed immigration or court hearing; or has received a final order of removal; and it is further

**ORDERED** that Respondents file within 24 hours a status report with this Court confirming Petitioner's release.

The Clerk is directed to send copies of this Order to all counsel of record.

March 24, 2026
Alexandria, Virginia

Anthony J. Trenga
United States District Judge

---

[3] At the time of Respondents' opposition, the government had not appealed Petitioner's grant of asylum, the Court is not aware of any subsequent appeal of that decision, and the government stated that the time to appeal expired on March 23, 2026, [Doc. No. 6-1] ¶ 14.

[4] Assuming no appeal has been taken to the Immigration Court's grant of Petitioner's asylum, Petitioner's detention under 8 U.S.C. § 1226 would likely also be unlawful. *See* 8 U.S. Code § 1158(c) (prohibiting the Attorney General from removing individuals that have been granted asylum unless the asylum has been lawfully terminated); *INS v. Aguirre–Aguirre,* 526 U.S. 415, 419 (1999) ("Whereas withholding only bars deporting an alien to a particular country or countries, a grant of asylum permits an alien to remain in the United States and to apply for permanent residency after one year.").